[Civ. No. 38747. Second Dist., Div. Four. Mar. 30, 1972.]

HERMINE BECK et al., Plaintiffs and Respondents, v.
RICHARD B. PIATT, as City Clerk, etc., Defendant and Appellant.

COUNSEL

Allen Grimes, City Attorney, John J. O'Connor, Senior Assistant City Attorney, and Stanley I. Deutsch, Assistant City Attorney, for Defendant and Appellant.

Joseph J. Rose for Plaintiffs and Respondents.

OPINION

**JEFFERSON, Acting P. J.**—The clerk of the City of Beverly Hills appeals from a judgment granting mandate to compel the clerk to return to petitioners Hermine Beck and Shulames Rose, a referendum petition submitted by them to permit them to utilize the period of one hour and thirty-six minutes to add appropriate precinct numbers to the signatures thereon.

On July 21, 1970, the City Council of Beverly Hills passed and adopted a resolution authorizing the addition of fluoride to the city's water supply. The petitioners, residents of the city, obtained a referendum petition of 2,629 signatures opposing the city council's action with respect to water fluoridation. Petitioners submitted the petition to the city clerk. It was received and stamped on August 20, 1970, at 3:24 p.m.. This was the last day of the statutory period for filing the referendum, 30 days from the date the resolution passed the City Council of Beverly Hills.

The deputy city clerk immediately determined that the precinct numbers which were required by law were missing from the petition. The persons submitting the petition were so advised orally but the deputy city clerk failed to return the petition at that time (Elec. Code, § 4051.1). The petitioners requested the return of their petition pointing out that there was still one hour and thirty-six minutes remaining in which to add the precinct numbers and indicating that, were the petition to be returned, this could be done. The deputy city clerk refused the request implying that some adjustments would be made.

On the following day, August 21, 1970, the city clerk, having determined that the petition did not qualify for filing because it contained an insufficient number of valid precincted signatures, offered to return it to the petitioners, claiming that the document was now void. Petitioners declined to accept the return of the petition. On October 7, 1970, a petition for a writ of mandate to compel the city clerk to accept the filing of the referendum petition was filed in the trial court. The matter was initially

heard on December 14, 1970, at which time a demurrer was sustained with leave to amend. Hearing on the amended petition took place on March 1, 1971, and the court entered its order granting the writ, decreeing that the city clerk should return the petition and that the petitioners should have the period of one hour and thirty-six minutes to add precinct numbers to signatures thereon, this being the time which remained before expiration of the statutory period at the time the petition was submitted to the city clerk of Beverly Hills.

On this appeal, the city clerk contends that the trial court's interpretation of Elections Code sections 4051.1, 4051.2 and 4053, in their application to this case, was incorrect and improper, and that the writ was improperly granted.

Sections 4051.1, 4051.2 and 4053[1] were added to the Elections Code in 1967; these sections specifically delineate duties and circumscribe the

---

[1]Section 4051.1: Upon physical submission of the petition or sections thereof to the clerk of the legislative body, the clerk shall examine the same to determine whether the same qualifies for filing, as follows:

(1) The clerk shall ascertain the number of registered voters of the city last officially reported to the Secretary of State by the county clerk; and

(2) The clerk shall count the number of signatures appearing upon the petition, disregarding any signature which does not bear in close proximity thereto, the date of such signature, the address given for such person and the name or number of the precinct in which the signer resides. If from the foregoing the clerk determines that the number of signatures, prima facie, equals or is in excess of the minimum number of signatures required by this article, the clerk shall accept the same for filing and it shall be deemed filed as of the date of the clerk's determination. Any petition not filed shall be returned to the proponents of the referendum.

Section 4051.2: (a) After the petition has been filed, as herein provided, the clerk shall examine the same to determine:

(1) Whether each signature appearing thereon is the genuine signature of the person whose name the same purports to be; and

(2) Whether, as of the date of the filing of the petition, based upon an examination of the records of voters registration, that each person who placed his signature on said petition was, in fact, a registered qualified voter of the city as of the date of such filing; and

(3) Whether each signature bears, in immediate proximity thereto, a date, a street address and a precinct name or number as hereinabove described.

(b) If any signature appearing on the petition is undated or bears a date which is prior or subsequent to the time during which signatures may be placed upon such petition, the clerk shall disregard such signature. If any signature does not bear, in close proximity thereto, a residence address and precinct designation as hereinabove defined, such signature shall be disregarded. If it appears that a date and address following any signature was placed there by a person other than the signer, such signature shall be disregarded.

Section 4053: Signatures upon petitions, and sections thereof, shall be secured, and the petition, together with all sections thereof, shall be filed within 30 days from the date of the adoption of the ordinance to which it relates. If such petitions are not filed within the time permitted by this section, the same shall be void for all purposes.

powers of the city clerk in the examination, processing and filing of the referendum petition. ■ The impact of these 1967 amendments was to abolish the presumption of the validity of a referendum petition which existed under prior law (art. IV, § 1, Cal. Const.), and to substitute the requirement that the clerk should examine a referendum petition in the manner prescribed by the new statutes. Section 4053 further provides that a petition which is not timely filed is void for all purposes.

Prior to 1970, there was no statutory requirement for a referendum petition, although this had earlier been a constitutional requirement. The 1969 amendment to the Elections Code (§§ 4051.1 and 4051.2) thereafter not only required precinct numbers but imposed a duty upon the clerk to return petitions that did not include precinct numbers.

The trial court observed "As I read these amendments to the law, it seems to place a duty upon the Clerk, if the petition is not proper for some reason under the provisions of Section 4051.1, that the Clerk shall return the petitions to the petitioners. And I would presume it has a reason, and that would be so that they may attempt to correct them and get them in good order so that they are fileable within the time." Manifestly, the failure of the deputy clerk to return the petition to the proponents upon their request promptly, when she discovered the defects therein, effectively foreclosed them from taking any steps to correct the defects.

■ Although the granting or denial of the writ of mandate lies within the discretion of the trial court and its action will not be reversed on appeal absent a clear showing of abuse thereof, it is also true that where a petitioner shows that a defendant has refused to perform a clear legal duty not involving a discretionary act, a petitioner is entitled to issuance of the writ as a matter of right. (*May* v. *Board of Directors,* 34 Cal.2d 125, 133-134 [208 P.2d 661]; *Flora Crane Service, Inc.* v. *Ross,* 61 Cal.2d 199, 203 [37 Cal.Rptr. 425, 390 P.2d 193].) The requirements for this right are the showing of a clear and present ministerial duty of a defendant to do an act enjoined by law, and a substantial beneficial interest of a petitioner in the performance of that duty.

■ The interpretation and applicability of a statute is clearly a question of law for determination by the trial court in the initial instance. (*Estate of Madison,* 26 Cal.2d 453, 456 [159 P.2d 630]; *Bodinson Mfg. Co.* v. *California Employment Com.,* 17 Cal.2d 321, 325 [109 P.2d 935].)

There is no showing that the trial court's interpretation of the statutory language in its application to the present case is anything but reasonable

and proper, nor does it do violence to the clear meaning of the statute as the respondent city clerk contends. The court's determination is in no way inconsistent with the cases upon which the city clerk relies. The case of *Moore* v. *City Council,* 244 Cal.App.2d 892 [53 Cal.Rptr. 603], simply determines the essential statutory requirements of a petition for recall and concludes that the clerk has a duty to determine, before accepting a tendered document for filing, that all of those statutory conditions have been met. ■ Nor can the clerk be compelled to certify a referendum petition when the addresses of some signatures differ from the addresses and precinct numbers shown on the registration affidavits of those persons and these defects render the number or valid signatures insufficient. (*Schaaf* v. *Beattie,* 265 Cal.App.2d 904 [72 Cal.Rptr. 79].)

■ The issue in the present case is whether, under the circumstances of the presentation of the alleged referendum petition, the clerk had a duty to return it immediately to the proponents thereof when a cursory inspection indicated that it was deficient in that precinct numbers were lacking. ■ Although the Election Code does not specify the time in which the clerk shall perform the inspection duties imposed upon him, the law implies a reasonable time. "The courts of California have repeatedly held that where no time limit is specified for the doing of an act, it may be done within a reasonable time. No citation of authorities is necessary on this point. What is reasonable time is dependent upon the surrounding circumstances." (*Coviello* v. *Moco Fruit Co., Inc.,* 42 Cal.App.2d 637, 639 [109 P.2d 765].) The trial court determined it was incumbent upon the clerk, having immediately noted the absence of precinct numbers, to return the petition in a reasonable time, i.e., then and there.

■ The city clerk contends that the court should take judicial notice that it would have been physically impossible for the petitioners to remedy the defect in the period of one hour and thirty-six minutes remaining before the statutory deadline for submission; the law will not require an idle act. (Civ. Code, § 3532; *Serrano* v. *Priest,* 5 Cal.3d 584, 614 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].) The trial court drew no improper inferences from the declarations; it was not at liberty to assume, contrary to petitioners' claim, that the time period involved would have been insufficient. ■ The petitioners should be given an opportunity to do whatever they can, the court being guided by the general rule that referendum provisions are to be liberally construed in favor of the proponents. (*Geiger* v. *Board of Supervisors,* 48 Cal.2d 832, 839 [313 P.2d 545].)

The final contention by the city clerk, that the petitioners should be denied judicial relief because their predicament is the result of their own

negligence, inadvertence and lack of foresight, is irrelevant and immaterial under the circumstances, as is the availability of the alternative of an initiative in the event efforts to achieve a referendum should fail.

The judgment of the trial court granting the writ of mandate is affirmed.

Kingsley, J., and Dunn, J., concurred.