[No. F009885. Fifth Dist. June 1, 1988.]

WILLIAM C. KUHS, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
HILLTOP DEVELOPERS, INC., Real Party in Interest.

**COUNSEL**

Neilsen, Merksamer, Hodgson, Parrinello & Mueller, John E. Mueller, Kuhs & Parker and Marguerite Mary Leoni for Petitioner.

B. C. Barmann, County Counsel, and Patricia J. Randolph, Deputy County Counsel, for Respondent.

Borton, Petrini & Conron, Bob H. Joyce and Dixon G. Kummer for Real Party in Interest.

OPINION

ARDAIZ, J.—

*Procedural and Factual History*

In the summer of 1987, the Kern County Board of Supervisors was considering three possible sites for the construction of a class III landfill to replace the current landfill which was scheduled to be filled to capacity by 1990. The sites were designated as site II (Breckenridge site), site B (Kern Front site) and site C (Bena site). Petitioner Kuhs, at a meeting of the board on July 14, 1987, made a presentation in opposition to the adoption of site C, the Bena site. The same day, the board voted to select site C.

On September 28, 1987, the Kern County Board of Supervisors adopted a proposed amendment to the general zoning plan which effectuated its earlier decision as to the site of the new landfill for the county. This amendment was referred to as Resolution 87-727. On the same date, the county issued a conditional use permit which permitted the land to be used specifically for a landfill. The issuance of the conditional use permit was contained in Resolution 87-734. The conditional use permitted by Resolution 87-734 was based upon the general plan amendment contained in Resolution 87-727.

Subsequent to the passage of the general plan amendment and the issuance of the conditional use permit, petitioner Kuhs initiated and circulated a referendum petition seeking to put the issue of the general plan amendment in Resolution 87-727 before the voters. The referendum petition was circulated on October 5, 1987, and subsequently, the petition containing 26,620 signatures (twice the number needed) was filed with the county clerk, Enstad, and the clerk of the board on October 28, 1987.

On November 2, 1987, Hilltop Developers, Inc., real party in interest, filed suit against petitioner Kuhs and Kern County Clerk Gale S. Enstad, seeking to enjoin Enstad from processing the referendum petition as, in relevant part, it was not timely filed under Elections Code sections 3751 and 3753 and because its proponents failed to file a notice of intention to circu-

late the petition under Elections Code section 3702.[1] The trial court granted real party's request for a temporary restraining order the same day and ordered Enstad and petitioner to show cause why a preliminary injunction should not issue. The show cause hearing, originally set for November 17, 1987, was continued until November 24 by stipulation of the parties.

On November 24 and 25 the trial court heard argument by the parties; the case was submitted on November 25, 1987. A tentative decision issued December 14 found for Hilltop on the basis of petitioner's failure to file the petition in a timely manner; the court rejected Hilltop's claim under Elections Code section 3702. The statement of decision, filed February 1, 1988, found the referendum petition was not timely filed and ordered Enstad enjoined from accepting the referendum petitions as duly filed and from processing the petitions for qualification to appear on the ballot. By stipulation of the parties on February 9, 1988, the court stayed the enforcement of the preliminary injunction through February 26, 1988.

On February 11, 1988, petitioner filed in this court his petition for writ of mandate, prohibition or other relief requesting that we issue a writ directing the trial court to vacate its February 1 order and to enter a new order denying Hilltop's motion for preliminary injunction and ordering Enstad to take all steps necessary to process and certify the referendum for the June 1988 ballot. Both real party in interest, Hilltop, and Enstad filed answers in opposition to the petition.

On March 7, 1988, we issued an order to show cause why the relief prayed for should not be granted; stayed the February 1, 1988, order of the respondent court; and prohibited Enstad from certifying the results of the referendum election until final determination of this petition or further order of this court.

### Discussion

Elections Code section 3753 requires referendum petitions be filed prior to the effective date of the challenged ordinance: "If a petition protesting against the adoption of an ordinance is presented to the board of supervisors prior to the effective date of the ordinance, the ordinance shall be suspended and the supervisors shall reconsider the ordinance. The petition shall be signed by voters of the county equal in number to at least 10 percent of the entire vote cast within the county for all candidates for Governor at the last

---

[1] On January 8, 1988, Hilltop filed an amended complaint asserting other grounds for relief. None of the further grounds played a role in the decision assailed here. Nothing in our opinion should be construed as passing upon the propriety of an injunction based upon the additional contentions of real party raised in the amended complaint.

gubernatorial election." Elections Code section 3751 provides: "Except an ordinance granting a franchise, the following ordinances shall take effect immediately:

"(a) Those calling or otherwise relating to an election.

"(b) Those specifically required by law to take immediate effect.

"(c) Those fixing the amount of money to be raised by taxation or the rate of taxes to be levied.

"(d) Those for the immediate preservation of the public peace, health, or safety. The ordinances referred to in this subdivision shall contain a declaration of the facts constituting the necessity and shall be passed by a four-fifths vote of the board of supervisors.

*"All other ordinances, including ordinances granting a franchise, shall become effective 30 days from the date of final passage. "* (Italics added.)

The subject resolution here was passed on September 28, 1987. Excluding the day on which it was passed, October 28, the day the petition was filed, was the 30th day following final passage. Central to resolution of this issue is a construction of the phrase, "[a]ll other ordinances . . . shall become effective 30 days from the date of final passage" appearing in Elections Code section 3751.

Hilltop and Enstad argued below that the resolution became effective at 12:01 a.m. on October 28 and that the petition filed later that day was not filed "prior to" the effective date of the ordinance. Petitioner argued the ordinance was to become effective at 12:01 a.m. on October 29 and the referendum petition was thus timely filed.[2]

The court below, interpreting the relevant part of Elections Code section 3751, found the ordinance became effective at 12:01 a.m. on October 28 and thus concluded the petition was filed untimely under Elections Code section 3753. Kuhs contends the trial court erred in its interpretation of the 30-day period under Elections Code section 3751. Within the framework of the opposing construction of section 3751, if we construe the statute as providing that the ordinance becomes effective on the 30th day following final

[2] Petitioner further contends the period for filing the referendum petition was tolled by the clerk's failure to have available to the public a copy of the amending documents within one working day of their adoption pursuant to Government Code section 65357. Because we hold that petitioner's position prevails on the issue of timeliness of filing, we do not find it necessary to address his additional points.

passage, then the court below properly found the petition untimely filed under Elections Code section 3753. However, if we construe the statute to provide that 30 days must pass after final passage before the ordinance becomes effective, then the statute becomes effective on the 31st day following passage and the court below erred in finding the petition untimely.

In addition, Hilltop claims the petition has become moot because petitioner had circulated and filed an initiative petition which covers the same subject matter as the referendum petition.

### Whether the Petition is Moot

 Hilltop first claims the petition to this court is moot as petitioner "has caused an initiative petition to be circulated" which covers the same subject matter as the referendum petition. The initiative petition was filed on January 22, 1988.

We reject real party's claim of mootness. First, a referendum and an initiative do not have the same effect. A referendum suspends the effect of an ordinance until the issue is resolved by the voters at the next election. An initiative does not become effective until passed by the voters. Availability of an initiative does not remedy denial of the right to a referendum. (*Beck* v. *Piatt* (1972) 24 Cal.App.3d 611, 617 [101 Cal.Rptr. 236].) Second, Hilltop, in its amended complaint, has launched a challenge to the initiative petition similar to the one against the referendum petition. We cannot say the existence of the assailed initiative petition moots the issues before us surrounding the validity of the referendum petition.

### Whether the Referendum Petition was Timely Filed Under Elections Code sections 3751 and 3753

 No court in California has directly construed the issue of computation of time as it applies to section 3751. In concluding that the petition was untimely, the trial court found: "September 28, 1987, was the date the legislative act in issue was passed. It became effective and operationally the law, according to the terms of Elections Code section 3751, at 12:01 a.m., on October 28, 1987. (See Computation of Time, Gov. Code § 6800.)"

Government Code section 6800 provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (See also Civ. Code, § 10.)

Application of Government Code section 6800 is not dispositive of the question before us. First, section 6800 by its own terms applies to computation of the "time in which any act . . . is to be done"; it does not clarify when a law becomes effective. Second, and most importantly, application of Government Code section 6800 does not resolve the ambiguity here. The question is not when did the 30th day arrive, but whether "thirty days from the date of final passage" means the effective date is the 30th or the 31st day.

Since we do not find Government Code section 6800 to be directly applicable, we must first interpret the phrase "from the date of final passage" as to whether it excludes the date of final passage in the calculation of time.

In *Ley* v. *Dominguez* (1931) 212 Cal. 587, 594 [299 P. 713], the Supreme Court confronted an analogous provision of the Los Angeles City Charter which provided that "no ordinance shall go into effect 'until the expiration of 30 days *from* its publication. . . .'" (Italics added.)

In addressing an argument parallel to respondent's herein, the court stated: "The express language of section 281 of the charter is that no ordinance shall go into effect 'until' the expiration of thirty days from its publication. Properly interpreted, this would seem to mean thirty days *after* the publication, which necessarily excludes the day of publication." (*Ibid.*, italics in original.)

As stated in *Ziganto* v. *Taylor* (1961) 198 Cal.App.2d 603, 607 [18 Cal.Rptr. 229]: "It is a generally accepted rule that in the computation of a period of time 'from and after' a day, date, act or event, such day or the date of such act or event is excluded and the computation of time is commenced on the following day."

From a broader perspective, however, respondent's argument concerning the calculation of time would impinge upon the right of referendum. "A prime purpose of deferment of the effective date of ordinances is to preserve the right of referendum." (*Norlund* v. *Thorpe* (1973) 34 Cal.App.3d 672, 675 [110 Cal.Rptr. 246]; see also *Busch* v. *Turner* (1945) 26 Cal.2d 817, 823.) In construing Elections Code section 3751 we are in a very real sense construing the scope of the right of referendum as it pertains to county measures; if the ordinance becomes effective on the 30th day then proponents of a referendum in reality have but 29 days in which to qualify their petition. Thus, we must be guided in our construction of Elections

Code section 3751 by the general rule that referendum provisions are to be construed liberally in favor of the right of referendum. (*Geiger* v. *Board of Supervisors* (1957) 48 Cal.2d 832, 839[313 P.2d 545]; *Beck* v. *Piatt, supra,* 24 Cal.App.3d at p. 616.)

Given the ambiguity of the statute, the rule of construction favoring the right of referendum suggests the appropriate construction of Elections Code section 3751 is that by saying the ordinance "shall become effective 30 days from the date of final passage" the Legislature meant "30 days after the date of final passage." Thirty days must pass before the ordinance is effective. An examination of analogous, though differently worded, provisions relating to the right of referendum at both the state and city levels reinforces the propriety of this interpretation. (See *B. W.* v. *Board of Medical Quality Assurance* (1985) 169 Cal.App.3d 219, 231 [215 Cal.Rptr. 130].)

The effective date of state statutes is governed by article IV, section 8 of the California Constitution. (See also Gov. Code, § 9600.) Saving exceptions similar to those in Elections Code section 3751, "a statute enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of enactment of the statute and a statute enacted at a special session shall go into effect on the 91st day after adjournment of the special session at which the bill was passed." Article II, section 9 of the California Constitution provides that the proponents of a referendum have 90 days after the enactment date of a statute within which to present a petition to the Secretary of State. At the state level then voters have a full 90 days within which to gather signatures.

Elections Code section 4050, relating to when city ordinances become effective, requires: "No ordinance shall become effective until 30 days from and after the date of its final passage" excepting ordinances relating to similar subject matters excepted on the county and state levels. Section 4051 specifically allows submission of the referendum petition "within 30 days of the adoption of the ordinance . . . ." With the aid of section 4051 then it is clear that the language "30 days from and after" used in section 4050 means that the ordinance does not take effect until the 31st day. Municipal voters have a full 30 days within which to circulate and file a referendum petition. (See *Beck* v. *Piatt, supra,* 24 Cal.App.3d at pp. 615-617.)

While as a general rule of statutory construction where the Legislature uses different terms, different meanings are intended (see *Las Virgenes Mun. Wat. Dist.* v. *Dorgelo* (1984) 154 Cal.App.3d 481, 486 [201 Cal.Rptr. 266]),

the Legislature is not consistent in its use of terms in this area. Indeed, Elections Code sections 3751 and 4050 both have parallel provisions in the Government Code. Government Code section 25123 delineates when county ordinances shall become effective. "All ordinances shall become effective 30 days from the date of final passage, except" and then lists the exceptions. The language is the same as Elections Code section 3751. But, Government Code section 36937, which is the parallel provision to Elections Code section 4050, states in part: "Ordinances take effect 30 days after their final passage." The Legislature in Elections Code section 4050 used the terms "30 days from and after" to mean the same as "30 days after" in Government Code section 36937. Thus, it is not clear that the use of "from" by itself should be given a different meaning than "from and after" or "after."

Moreover, the Legislature provided a full 30 days to those who wish to challenge municipal measures by way of referendum. (Elec. Code, §§ 4050, 4051.) There is no indication that the Legislature intended to circumscribe the rights of those who would challenge county enactments. Yet, were we to construe "30 days from" as making a county ordinance effective on the 30th day, would-be challengers would have only 29 days in which to qualify a petition. While an allowance of 90 days at the state level comports with the increased burden on potential petitioners, an allowance of fewer days at the county level than at the city level is not a reasonable conclusion.

We find no logical or inferable basis for the construction respondent urges. The right of referendum preserves the opportunity by the governed to respond collectively to, and change, the actions of those who govern. Respondent's interpretation of Elections Code section 3751 would diminish the right of referendum to no end save and except a technical interpretation of law. In effect, 30 days for the public to act would become 29.

Based upon the foregoing, we conclude the better construction of Elections Code section 3751 results in the effective date of an ordinance coming after the expiration of 30 days from its date of passage. Government Code section 6806 provides: "A day is the period of time between any midnight and the midnight following." Therefore, "a day" is a 24-hour period of time. Those who would seek a referendum on a county ordinance therefore have a full 30 days, excluding the date of passage, within which to file the petitions. (Elec. Code, § 3753.) Petitioner's filing of the petition herein on October 28, 1987, the 30th day following passage of the challenged resolution and "prior to" its effective date, was timely.

The court below having improperly found the petition untimely under Elections Code section 3753, let a peremptory writ of mandate issue directing the Kern County Superior Court to vacate the order of February 1, 1988, granting a preliminary injunction in the case herein. The stay on the county clerk's certifying the results of the referendum ballot is lifted.

Hamlin, Acting P. J., and Brown (G. A.), J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.